**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Case No. 23-CR-388 (RDM)** |
| | : | |
| **JARED LUTHER OWENS,** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT OWENS' MOTION**
**TO MODIFY PRE-TRIAL RELEASE CONDITIONS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this response to Defendant Jared Luther Owens' Motion to Modify Pre-Trial Release Conditions. ECF 33. The United States is opposed to Owens' motion and asks the Court to keep Owens on home incarceration because this restriction on Owens' activities is the least restrictive condition that would reasonably assure the safety of the community and the Defendant's appearance at future proceedings in this case.

Owens' barebones motion to modify his release conditions, offers no analysis or authority supporting reconsideration of the conditions this Court previously imposed. Accordingly, this Court should reject Owens' attempt to change his conditions of release.

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

On January 6, 2021, Owens breached the Capitol grounds, and repeatedly assaulted officers. Owens approached a line of officers who created a barricade at the top of a set of concrete stairs on the Northeast corner of the Capitol. Owens, and his co-defendant Wallis, lifted one end of a barricade and shoved the barricade into the line of officers. The officers raised their arms and hands in defense to keep the barricade from striking their heads and torsos, but the officers' hands took the blow. Later, after Owens entered the U.S. Capitol Building, he approached a line of

officers. Owens broke through the police line and pushed another officer up against a wall. After witnessing the assault, Officer D.T. delivered strikes to Owens and, after a struggle, was able to put handcuffs on Owens. As Officer D.T. performed a search, he discovered that Owens had a folding knife in his right front pocket.

Owens was arrested in the Eastern District of Missouri on the federal charges. In Missouri, Magistrate Judge Joseph S. Dueker ordered Owens detained based on his actions in the January 6 Capitol riots, including the evidence that Owens helped throw a barricade at police officers, forcibly entered the Capitol building and was arrested after pushing a police officer against a wall. Judge Dueker also weighed Owens' lengthy criminal history, history of criminal activity while under supervision, and substance abuse history.

Owens sought review of the magistrate judge's order of detention. The United States opposed the motion. This Court held a detention hearing in late December, where evidence of Owens' actions and criminal history were submitted. Although this Court did not grant detention, it did set conditions of pretrial release, including home incarceration, in part because this Court found Owens presented a risk of danger to the community. At the hearing, once the Court set the conditions of pretrial release, Owens sought to change the conditions to allow him to work and attend church. This Court refused and kept the strict conditions in place. Now, Owens returns asking for the same changes that this Court has already rejected, without any supporting authority and no new facts. Owens has not provided any basis to re-open the prior hearing or change his conditions.

The United States previously submitted a factual background in opposition to Owens' prior motion for a hearing on detention. ECF 22, pp. 2-12. In addition, the United States previously submitted additional evidence through video, transcript and documentary evidence to the Court

that was introduced at a hearing held on December 22, 2023. ECF 22-2, 22-3, 22-4, 24, 25-1. This evidence was admitted by the Court at the hearing on December 22, 2023. *See* Minute Entry dated December 22, 2023.

In addition, the Government offers the following additional evidence:

On January 11, 2024, the Court ordered Owens to be released from detention. ECF 28. The Court ordered Owens' release was subject to a number of conditions. ECF 28. As a condition of Defendant Owens' release, this Court ordered that Defendant Owens be placed on home incarceration. Under the terms of home incarceration, Owens was restricted to 24-hour-a-day lock-down at his residence in Farmington, Missouri. The sole exceptions to this restriction were for medical necessities, court appearances or other activities specifically approved by the Court. ECF 28, p. 2. Other pretrial release conditions imposed by the Court required that Owens be supervised by the U.S. Pretrial Services Office for the Eastern District of Missouri, commit no law violations while on release, cooperate in the collection of a DNA sample, appear in court as required, stay out of the District of Columbia except for court/pretrial business and meetings with his attorney, obtain approval by the Court of all travel requests, not possess of firearms, not use alcohol or narcotic drugs, and complete testing for the use of prohibited substances. Finally, the Court required Owens submit to location monitoring as directed by Pretrial Services or its supervising officer and pay for such location monitoring. ECF 28, pp. 2-3.

On December 22, 2023, Michael Harrison testified on behalf of Owens at the detention hearing. Minute Entry dated December 22, 2023. Mr. Harrison testified he was the lead pastor and founding pastor of Parkland Chapel in Farmington, Missouri. He further testified that Owens was a member of the Parkland Chapel. The Parkland Chapel in Farmington, Missouri has a public website found at https://parklandchapel.org. This website identifies two worship service times on

Sundays, at 9:00 a.m. and 10:45 a.m. The website indicates that the service at 10:45 a.m. is conducted "in person & online".

## **LEGAL STANDARD**

Section 3142(f) provides that a detention hearing:

> may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f).

"New and material information ... consists of something other than a defendant's own evaluation of his character or the strength of the case against him; instead, it must consist of truly changed circumstances, something unexpected, or a significant event." *United States v. Caldwell*, No. 21-cr-181 (CKK), 2022 WL 168343 at *6 (D.D.C. Jan. 19, 2022) (*quoting United States v. Lee*, 451 F. Supp. 3d 1, 5 (D.D.C. 2020)). The "mere passage of time, without a substantial change in the underlying reasons … for pretrial detention is generally not sufficient to warrant reconsiderations, particularly where a trial date has been set in the near future." *United States v. Bikundi*, 73 F.Supp.3d 51, 55 (D.D.C. 2014) (*quoting United States v. Ali*, 534 Fed.Appx. 1, 2 (D.C. Cir. 2013) (per curiam)). Information that could have been but was not presented at the original detention hearing does not justify reopening a detention hearing, and conclusory allegations that information is new, absent explanation for why the information was previously unavailable, are insufficient. *United States v. Stanford*, 341 Fed.Appx. 979, 985 (5th Cir. 2009).

Information that is only new is insufficient to support reconsideration under Section 3142(f); instead, the new information must also have a material bearing on the factors a court must

consider when deciding whether to impose detention. *Lee*, 451 F.Supp. 3d at 6-7. Those factors

are stated at 18 U.S.C. § 3142(g) and include:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g)(1)-(4); *see also United States v. Chrestman*, 525 F.Supp.3d 14, 26-27 (D.D.C.

2021) (identifying factors specific to Capitol riot cases)[1].

    As (then) Judge Ketanji Brown Jackson explained in *Lee*, "the relevant statutory inquiry is

not the benefits that a defendant's release would bring about (however significant) or the harms

that his incarceration would cause (however substantial)." *Id*. at 7 (original emphasis). Instead,

any new information must, in a material way, address the danger posed by the person's release.

*Id*. Courts have applied the prerequisites for reopening a detention hearing under Section 3142(f)

strictly. *United States v. Terrone*, 454 F.Supp.3d 1009, 1017 (D. Nev. 2020) ("Courts interpret this

---

1 The listed considerations in *Chrestman* include (1) whether the defendant has been charged with felony or misdemeanor offenses; (2) the extent of the defendant's prior planning, "for example, by obtaining weapons or tactical gear"; (3) whether the defendant used or carried a dangerous weapon; (4) evidence of coordination with other protestors before, during, or after the riot; (5) whether the defendant played a leadership role in the events of January 6, 2021; and (6) the defendant's "words and movements during the riot"—e.g., whether the defendant "remained only on the grounds surrounding the Capitol" or stormed into the Capitol interior, or whether the defendant "injured, attempted to injure, or threatened to injure others." 525 F.Supp.3d at 26-27.

provision strictly"); *United States v. Rodriguez*, No. 3:20-CR-565-B, 2022 WL 992739 at *1 (N.D. Tex. Apr. 1, 2022) ("courts have interpreted the requirements of this provision strictly); *see also United States v. Worrell*, No. 1:21-CR-00292-RCL, 2021 WL 2366934, at *9 (D.D.C. June 9, 2021) (reconsideration is permissible under this section only when there is new information that would materially influence the judgment about whether there are conditions of release which will reasonably assure that the defendant will not flee and will not harm any other person or the community) (emphasis added; internal citation omitted), appeal dismissed, No. 21-3040, 2021 WL 4765445 (D.C. Cir. Sept. 15, 2021).

## ARGUMENT

The Government submits that the current conditions of pretrial release, including home incarceration and location monitoring, are needed to reasonably assure the defendant's appearance at trial and the safety of the community.

On March 7, 2024, Owens filed a motion to modify pretrial release conditions. In the motion, Owens' attorney made several statements regarding Owens' compliance with his pretrial release conditions to date, without supporting evidence. ECF 33. Owens now seeks two modifications to his pretrial release conditions. First, Owens in effect wants to remove the condition of home incarceration to be able to work at his previous construction job in St. Louis at PCX Construction. Second, Owens wants to be able to attend church weekly, on Sundays. The motion provides no affirmative reasons supporting Owens' requested modifications to his pretrial release conditions, offers no analysis or explanation supporting these modifications, and lacks any reference to relevant case law or other authority. Beyond a few conclusory statements alleging his

compliance with his conditions of pretrial release, Owens' motion provides no support for modification of his conditions of pretrial release.[2]

The Government opposes Owens' request to modify his conditions of release. First, Owens has not identified specific information for the Court to evaluate his requested modifications. Second, Owens' requested modifications would be difficult to administer under terms of home incarceration, the level of restriction that the Court determined was the least restrictive means for Owens' pretrial release just two months ago. Finally, even if Owens has complied with his conditions of release to date, such compliance does not, by itself, warrant further modifications to a less-restrictive set of conditions. *See United States v. Henry*, Crim. Case No. 17-216-01 (CKK), 2018 WL 6726886, at * 2 (D.C., Dec. 21, 2018) ("Ms. Henry's compliance with the conditions imposed on her … is merely what is expected of her, and as such, it does not warrant her release…").

When considering whether the Court should detain or release a defendant pretrial, a court must consider four factors: (1) the nature and circumstances of the offenses, (2) the weight of the evidence against the defendant, (3) the defendant's history and characteristics, and (4) the danger to the community if the defendant were to be released. 18 U.S.C. § 3142(g). In the Government's December 2023 response in support of detention, the Government argued that all four factors supported detention of Owens. *See* ECF 22, pp. 13-17. The Court should consider these same factors when reviewing the current motion to modify Owens' conditions of pretrial release. First, Owens has been charged with multiple felonies, including a crime of violence pursuant to 18

---

2 The motion fails to comply with Local Criminal Rule ("LCrR") 47 because it lacks any statement of the specific points and authority that support the motion, including a concise statement of facts, LCrR 47(a), and lacks a proposed order, LCrR 47(c).

U.S.C. § 111(b). The evidence presented to the Court at the December 2023 hearing described the nature and circumstances of Owens' January 6 conduct, and this conduct supports the charged offenses. Second, the video evidence from Capitol Police and third parties, the text messages sent by Owens, and his testimony at the December detention hearing provided overwhelming evidence against Owens. Third, Owens' history includes multiple felony convictions for drug-related offenses, his failure to comply with past court orders of probation, and his post-arrest statements that, at a minimum, supported the destruction of evidence in this case. Fourth, Owens' actions at the Capitol make him a serious risk of danger to the community. The Court has evidence that Owens sent text messages after the January 6, 2021 riot that he was willing to engage in future violence. *See* ECF 22-2 ("We had to fight the fuck out of these cops. DC capitol cops . . . We fuckin did and *we will fuckin do it again*." (January 7, 2021, at 3:30:29 UTC); "I'm coming home baby. But *I'm coming back if I have to*. . ." (January 7, 2021, at 17:01:37 UTC); "Not everyone could make it. *But I bet they find a way next time*." (January 7, 2021, at 17:07:32 UTC) (emphasis added)). In the current environment, Owens' willingness to commit future violence against police is a serious threat to the safety of law enforcement and the public.

Owens has not identified specific information for the Court to evaluate his requested modifications. Owens requested to return to his prior employment with PCX Construction in St. Louis; however, Owens has not provided any description of what his job activities would entail, his work schedule, where his work site(s) would be located or how frequently they would change, whether any work would occur outside of the Eastern District of Missouri, and what monitoring would ensure that his out-of-home activities were limited to his work. He does not explain how Pre Trial Services could reasonably monitor his presence at job sites that, as is typical in construction, will frequently change. With respect to his attendance at Sunday church services,

Owens has the alternative of attending these services online, according to the Parkland Chapel website. https://parklandchapel.org. In short, Owens does not explain how these additional activities outside of his home are necessary or can be accomplished without increasing the danger to the community.

The Court issued its order that Owens be subject to home incarceration on January 11, 2024. Owens' motion, without explicitly stating so, in effect demands that the Court change Owens' conditions of pretrial release from home incarceration to a lower level of supervision. But a lower level of supervision for Owens would be contrary to the Court's determination, just a few months ago, that home incarceration was the least restrictive means needed to protect the community.

Further, Owens claims he has been compliant with the terms of his pretrial release to date. However, Owens has only been on pretrial release for a brief period of time, and this limited period does not provide sufficient assurances that Owens would comply with a less-restrictive set of conditions of pretrial release. A defendant's compliance with a court's order alone does not warrant an easing of the conditions of pretrial release. *Henry*, 2018 WL 6726886, at * 2 (D.D.C. Dec. 21, 2018) ("Ms. Henry's compliance with the conditions imposed on her … is merely what is expected of her, and as such, it does not warrant her release…"); *see also United States v. Johnson*, No. 2:21-cr-00707-WJM, 2022 WL 375319 at *2 (D.N.J. Feb. 8, 2022) (defendant's argument that his compliance with release conditions showed they were unnecessary "is nothing more than a defendant's own evaluation of his character" that court's have found insufficient to support a change of conditions); *United States v. Esposito*, 354 F. Supp. 3d 354, 360-61 (S.D.N.Y. 2019) (same); *United States v Chambers,* No. 23-20009-DDC, 2023 WL 8254523 at *2 (D.Kan. Nov. 29, 2023) (same).

In this case, Owens' compliance with the Court's pretrial release by itself does not warrant a lesser level of restrictions. The severity of the pending charges, the overwhelming evidence of Owens' actions on January 6, 2021, and Owens' statements that he would entertain future violence against law enforcement, are evidence that the current limits on his out-of-home activities should be continued.

## **CONCLUSION**

The Court's current conditions of Owens' pretrial release, including home incarceration, are the least restrictive measures to reasonably assure the safety of the community and assure his appearance in this case. The Government respectfully submits that the Court should reject Owens' request to modify his current conditions of pretrial release to allow for additional activities outside of his residence.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052


By:     */s/ Lynnett M. Wagner*
Lynnett M. Wagner
Assistant United States Attorney
Nebraska Bar No. 21606
601 D Street, N.W.
Washington, DC  20530
LWagner@usa.doj.gov
(402) 661-3700